# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Kenneth B. Massey,   Respondent.

Appellate Case No. 2014-000912

Opinion No. 27409
Submitted May 20, 2014 – Filed July 2, 2014

## PUBLIC REPRIMAND

Lesley M. Coggiola, Disciplinary Counsel, and Ericka M. Williams, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Kenneth B. Massey, of Calabash, North Carolina, pro se.

**PER CURIAM:**   In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR).  In the Agreement, respondent admits misconduct and consents to the imposition of a letter of caution, admonition, or public reprimand.  In addition, he agrees to pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct (the Commission) within thirty (30) days of the issuance of a sanction and to complete the Legal Ethics and Practice Program Ethics School within nine (9) months of the imposition of a sanction.   We accept the Agreement and issue a public reprimand and order respondent to pay the costs incurred by ODC and the Commission in the investigation and prosecution of this matter within thirty (30) days of the date of this opinion and to complete the Legal Ethics and Practice Program Ethics School within nine (9) months of the date of this opinion.  The facts, as set forth in the Agreement, are as follows.

## Facts

On September 3, 2013, respondent appeared in family court on a motion for temporary relief on behalf of his client, the father of the child involved in the custody matter. During the hearing, respondent submitted an affidavit from his client which contained a material misrepresentation regarding the current custody of the child involved in the case. Specifically, the affidavit stated that the child had been living with respondent's client since June 6, 2013. During the hearing, the child's mother informed the court that the child had been residing with her since July 4, 2013.

Respondent represents that the affidavit was prepared for a hearing that was originally scheduled for July 8, 2013, but was rescheduled because the mother of the child could not be served. Respondent further represents that he was under the impression that his client had amended the affidavit, but respondent admits he did not review the affidavit prior to submitting the affidavit to the court on September 3, 2013.

## Law

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 3.3 (lawyer shall not knowingly make false statement of fact to tribunal or fail to correct false statement of material fact previously made to tribunal by lawyer) and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct prejudicial to administration of justice).

Respondent also admits he has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rules 7(a)(1) (it is ground for discipline for lawyer to violate Rules of Professional Conduct).

## Conclusion

We find respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement and publicly reprimand respondent for his misconduct.[1]

---

[1]In 2004, the Court definitely suspended respondent from the practice of law for two years. In the Matter of Massey, 357 S.C. 439, 594 S.E.2d 159 (2004). He was reinstated to the practice of law on June 21, 2012. In the Matter of Massey, 398 S.C. 592, 730 S.E.2d 855 (2012). The Court confidentially admonished respondent in 2007. See Rule 7(b)(4), RLDE (admonition may be used in

Within thirty (30) days of the date of this opinion, respondent shall pay the costs incurred by ODC and the Commission in the investigation and prosecution of this matter and, within nine (9) months of the date of this opinion, respondent shall complete the Legal Ethics and Practice Program Ethics School and shall provide the Commission with certification of completion of the program no later than ten (10) days after he has completed the program.

**PUBLIC REPRIMAND.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**

---

subsequent proceedings as evidence of prior misconduct solely upon issue of sanction to be imposed).